*Rehearings Denied December 4, 2000:*

HORD V ENVIRONMENTAL RESEARCH INSTITUTE OF MICHIGAN (AFTER REMAND), No. 115369. Reported *ante*, 399.

CAVANAGH and KELLY, JJ. We would grant rehearing.

SMITH V CLIFFS ON THE BAY CONDOMINIUM ASSOCIATION, No. 111587. Reported *ante*, 420.

CAVANAGH and KELLY, JJ. We would grant rehearing.

*Order Entered December 5, 2000:*

GRIEVANCE ADMINISTRATOR V SCHARG, No. 116136. In lieu of granting leave to appeal, this case is remanded to the Attorney Discipline Board for further consideration. MCR 7.302(F)(1). MCR 9.122(E). The Attorney Discipline Board is to consider whether respondent violated MCR 2.114(D) by signing a brief and affidavit filed in the Court of Appeals without having read the documents, and, if so, whether the violation of MCR 2.114(D) constituted misconduct under MCR 9.104. If the Attorney Discipline Board finds misconduct, it is to determine the appropriate discipline and enter an order of discipline. Jurisdiction is not retained.

CAVANAGH and KELLY, JJ. We would deny leave to appeal.

*Orders Entered December 6, 2000:*

PROPOSED AMENDMENT OF MCR 1.201. On order of the Court, this is to advise that the Court is considering an amendment of Rule 1.201 of the Michigan Court Rules. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome the views of all who wish to address the proposal or who wish to suggest alternatives. Before adoption or rejection, this proposal will be considered at a public hearing by the Court. The Clerk of the Court will publish a schedule of future public hearings.

Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 1.201. AMENDMENT PROCEDURE.

(A)-(C) [Unchanged.]

(D) Effective Date of Amendments. Except as provided in subrule (E), an amendment will not take effect until at least two months after its adoption, and the effective date will be either April 1 or October 1.

(D)(E) Need for Immediate Action. The Court may modify or dispense with the notice and effective date requirements of this rule if it determines that there is a need for immediate action.